UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**MELVIN LUTCHER, SR.** : **DOCKET NO. 18-cv-71**
**REG. # 21092-034** **SECTION P**

**VERSUS** : **UNASSIGNED DISTRICT JUDGE**

**CALVIN JOHNSON** : **MAGISTRATE JUDGE KAY**

**REPORT AND RECOMMENDATION**

Before the court is the pro se petition for writ of habeas corpus, and amendment thereto, filed pursuant to 28 U.S.C. § 2241 by Melvin Lutcher. Lutcher is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court. For reasons stated below, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Following a jury trial, Lutcher was convicted in the United States District Court for the Eastern District of Louisiana of one count of conspiracy to possess with intent to distribute cocaine base and cocaine hydrochloride, a violation of 21 U.S.C. § 846, and one count of use of a communications facility in connection with a crime, a violation of 21 U.S.C. § 843(b). *United States v. Johnson*, No. 2:03-cr-00338(2), docs. 241 and 256 (E.D. La. Feb. 16, 2005). On February 16, 2005, he was sentenced to serve concurrent terms of imprisonment of 293 months and 48

months for those convictions, respectively. *Id.* at doc. 256. Lutcher filed a notice of appeal and sought relief in the United States Court of Appeals for the Fifth Circuit, but that court affirmed his conviction on June 2, 2006. *Id.* at docs. 259, 303.

Lutcher then filed his first motion to vacate under 28 U.S.C. § 2255 in the trial court on July 24, 2007, which the court denied on May 26, 2009, after multiple amendments and responses. *Id.* at docs. 321, 428, 429. The Fifth Circuit denied Lutcher a certificate of appealability on this judgment and the U.S. Supreme Court denied his petition for a writ of certiorari. *Id.* at docs. 455, 472. The U.S. Supreme Court denied Lutcher's petition for a writ of certiorari. *Id.* at doc. 472. On April 7, 2008, Lutcher also filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582 requesting retroactive application of 2007 amendments to the Sentencing Guidelines. *Id.* at doc. 375. The court appointed counsel to represent Lutcher for the purposes of that motion. *Id.* at doc. 376. It then denied the motion on August 22, 2008, and the Fifth Circuit affirmed the court's judgment. *Id.* at docs. 396, 456.

On November 10, 2011, Lutcher filed a motion for reduction of sentence based on 2011 amendments to the Sentencing Guidelines which allowed defendants to seek resentencing based on the Fair Sentencing Act of 2010. *Id.* at doc. 476. Counsel was appointed to represent him and the motion for reduction was granted on March 8, 2012. *Id.* at docs. 490, 491. The court noted that, while the new amended guideline range for his conviction was 151 to 188 months, the mandatory minimum in his case prevented the court from sentencing him to any term less than 240 months. *Id.* at doc. 491. Accordingly, it reduced his previous sentence from 293 months to 240 months. *Id.* On March 22, 2012, Lutcher again moved for reduction of sentence based on the 2011 amendments, disputing the mandatory minimum imposed. *Id.* at doc. 492. The court construed this motion as a motion for reconsideration of its order granting the petitioner's second motion to

reduce sentence, and denied it. *Id.* at doc. 497. The Fifth Circuit affirmed the trial court's judgment. *See id.* at doc. 513.

Lutcher then attempted further motions to reduce or vacate sentence in the trial court, which were likewise denied. *See id.* at docs. 515–57 (proceedings on § 2255 motion filed November 2013); *id.* at docs. 585, 610–29 (proceedings on § 3582 motion to reduce sentence filed November 2014); *id.* at docs. 630–39, 661 (proceedings on § 2255 motion filed August 2016); *id.* at docs. 656–59, 662–69 (proceedings on § 3582 motion to reduce sentence filed September 2017). His appeal of the trial court's denial of his September 2017 motion to reduce sentence is currently pending before the Fifth Circuit. *See United States v. Lutcher*, No. 17-30995 (5th Cir.).

Lutcher now seeks relief in this court under 28 U.S.C. § 2241, arguing that his sentence should be reduced based on the government's failure to prove the amount of cocaine attributable to him, individually, and the court's failure to submit that question to the jury and determine his eligibility for a reduction of the mandatory minimum sentence based on that amount. Doc. 1; doc. 10. He also asserts that the trial court used an improper evidentiary standard in allowing the government to introduce intercepted cell phone communications. Doc. 1, p. 11.

## II.
### LAW & ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here Lutcher collaterally attacks his incarceration, arguing that he has been subjected to an illegal sentence. Therefore, his claim should be advanced in a motion to vacate.

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*

Instead, Lutcher must demonstrate the following to satisfy the savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

Lutcher relies on *United States v. Benitez*, 809 F.3d 243 (5th Cir. 2015) and *United States v. Haines*, 803 F.3d 713 (5th Cir. 2015). In *Haines*, the Fifth Circuit held, based on the Supreme Court's ruling in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), that the mandatory minimum sentence for a defendant convicted as part of a narcotics conspiracy must be based on the drug quantity attributable to the individual defendant rather than to the conspiracy as a whole. 803 F.3d at 738–42. In *Benitez*, the court held that the question of which amounts were attributable to defendants must therefore be submitted to the jury, and that failure to do so warranted reversal of the conviction when the mandatory minimum based on that amount impacted the defendant's sentence. 809 F.3d at 250–51. However, the Fifth Circuit has already determined that *Alleyne* is not retroactively applicable on collateral review. *In re Kemper*, 735 F.3d 211 (5th Cir. 2013);

*United States v. Olvera*, 775 F.3d 726, 730 (5th Cir. 2015). The Fifth Circuit has also determined that *Alleyne* addresses a sentencing issue rather than showing conviction of a nonexistent offense. *Griffin v. Maiorana*, 647 Fed. App'x 430, 432 (5th Cir. 2016) (unpublished). Accordingly, Lutcher cannot satisfy the savings clause based on this authority.

Lutcher also relies on *Nelson v. Colorado*, 137 S.Ct. 1249 (2017), where the Court held that a Colorado statute violated due process when it required defendants whose convictions had been reversed or vacated to prove their innocence by clear and convincing evidence before they could obtain a refund of costs, fees, and restitution paid. He argues that this ruling grants him a presumption of innocence in his resentencing as well, overruling *United States v. Watts*, 117 S.Ct. 633 (1997). However, notwithstanding the defendant's failure to show that *Nelson* is retroactively applicable, this alleged new rule – like the one raised from *Haines* and *Benitez* – relates to a sentencing issue rather than suggesting Lutcher's conviction of a nonexistent offense. The Fifth Circuit remains unpersuaded "that the savings clause permits sentencing challenges." *Griffin*, 647 Fed. App'x at 432. Lutcher cites no Supreme Court or circuit court decision in support of his cell phone intercept claim, but he also fails to show how any such claim would show his conviction of a nonexistent offense. Accordingly, it is apparent that he cannot satisfy the savings clause based on any of his claims and that the petition should therefore be dismissed without prejudice for lack of jurisdiction. *Rodriguez v. Jones*, 533 F.3d. App'x 463, 464 (5th Cir. 2013) (unpublished).

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 22nd day of February, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE